IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN LEGACY OF LIFE;<br>JULIE BARBER | PLAINTIFFS |
| v.    Case No. 4:25-cv-00773 | |
| COLE JESTER, *in his official capacity as Secretary of State*; TIM GRIFFIN, *in his official capacity as Attorney General of Arkansas* | DEFENDANTS |

**PLAINTIFFS' OPPOSITION TO CONTINUE HEARING ON TEMPORARY RESTRAINING ORDER**

Plaintiffs filed a motion for a temporary restraining order seeking to enjoin the Arkansas officials charged with enforcing Act 861, an amendment to the Arkansas Anatomical Gift Act that allows for, among other things, the revocation of anatomical gifts by an undefined class of a decedent's relatives for an indefinite amount of time, primarily on the basis that the law will cause certain death. The tremendous amount of uncertainty caused by the law means that no organ donation from an Arkansan can possibly be accepted within the small window of time in which an organ can be used to save a life. To compound this issue, Act 861 revokes criminal and civil immunity from Organ Procurement Organizations ("OPOs"), the nonprofits tasked with administering the system, meaning that if OPOs continue to accept organs for transplant and the donation is later revoked pursuant to Act 861, they face criminal prosecution.

Defendants' request for continuance completely ignores that reality, choosing instead to make a baseless, malicious accusation that Plaintiffs have manufactured an emergency, or are without a "valid reason" for the timing of this lawsuit, despite their complete lack of evidence related to the diligence of Plaintiffs and all counsel involved. Defendants insert a lengthy block quote from a recent Order in which a different judge declined to hold an emergency hearing in a

#125136210v1

challenge to an Arkansas law related to solicitation by chiropractors and their agents when the papers were filed approximately two weeks before the law's enactment date. But Defendants do not cite a rule that any challenge made too close to a law's effective date necessarily fails because no such rule exists. Indeed, such a rule would make little sense because unconstitutional acts, while odious to the rule of law, hold with them varying consequences. Here, the consequence is preventable death.

While Defendants' counsel state that they were only able to accept service on behalf of Defendants on Friday, August 1, 2025, their counsel was apprised of the lawsuit by phone on Thursday, July 31, 2025, before the lawsuit was available on CM/ECF—and they were provided with copies of the complaint, motion for a temporary restraining order and preliminary injunction, and related exhibits approximately 15 minutes after those documents became available through CM/ECF. Plaintiffs informed Defendants' counsel of the Monday, August 4, 2025, hearing less than 20 minutes after it was set. Plaintiffs have consistently engaged in reasonable, good-faith efforts to keep Defendants apprised of the lawsuit as soon as practicable.

One of the chief issues with Act 861 is that it is so vague and creates so much uncertainty with the existing organ donation framework that trying to comply with both Act 861 and existing law renders the entire national organ system inoperable as it pertains to Arkansans. The Defendants' request for continuance only amplifies that uncertainty as they take the confusing position that the Attorney General "lacks a sufficient connection to the enforcement of Act 861" to fall within *Ex parte Young's* purview and the portion of Act 861 pertaining to the Secretary of State does not become effective until January 31, 2026. The Defendants therefore appear to be arguing that there is no adverse consequence with allowing Act 861 to go into effect on August 5 because *no one* is really charged with enforcing it.

If Defendants' position were correct, then it makes no sense why they would not agree to stay enforcement of Act 861 so that they may have more time to prepare for a hearing. Plaintiffs reached out to Defendants and made such a request on Friday, August 1, 2025, and Defendants stated they would advise the Court on their willingness to do so. Instead, Defendants chose to request a continuance that would leave those tasked with recovering life-saving organs in limbo, uncertain when an anatomical gift may be revoked and by whom, all while they have been stripped of their criminal and civil immunity.

Too much is at stake to allow this kind of disruption to the organ donation system. The Court should deny Defendants' request.

Respectfully submitted,

E. B. Chiles IV, Ark. Bar No. 96179
J. Houston M. Downes, Ark. Bar No. 2023149
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 (telephone)
(501) 379-1701 (facsimile)
cchiles@qgtlaw.com
hdownes@qgtlaw.com

David Smith, Pa. Bar No. 21480
David Rodkey, Pa. Bar No. 325698
DILWORTH PAXON LLP
1650 Market Street, Suite 1200
Philadelphia, Pennsylvania 19103
(215) 575-7000 (telephone)
(215) 754-4603 (facsimile)
dsmith@dilworthlaw.com
drodkey@dilworthlaw.com

#125136210v1

>Christina Strong, N.J. Bar No. 026721988
>DILWORTH PAXON LLP
>2 Research Way
>Princeton, New Jersey 08540
>(908) 217-1053 (telephone)
>(215) 893-8537 (facsimile)
>cstrong@dilworthlaw.com
>
>*Attorneys for Plaintiffs*

#125136210v1